UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MELODY DORSEY, | Case No. 2:17-CV-1538 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| CONSUMER PORTFOLIO SERVICES, INC., et al., | |
| Defendant(s). | |

Presently before the court is defendants Consumer Portfolio Services, Inc. ("CPS") and Experian Information Solutions, Inc.'s ("Experian") (collectively "defendants") motion for summary judgment. (ECF Nos. 17, 19). Plaintiff Melody Dorsey has filed a response (ECF No. 20), to which defendants have replied (ECF No. 23).

**I.  Facts**

In the instant dispute, plaintiff alleges that defendants violated the Fair Credit Reporting Act ("FCRA") and the Nevada Deceptive Trade Practices Act ("NDTPA"). (ECF No. 1). Plaintiff alleges that defendants included inaccurate information about a delinquent car loan in plaintiff's credit report. (ECF Nos. 1, 17, 20).

In May 2007, plaintiff and her now ex-husband jointly purchased a truck. (ECF No. 17). The dealer assigned the car loan to CPS. (*Id.*). In or around December 2011, the car loan became delinquent with $6,505 remaining on the balance. (ECF Nos. 17, 20). CPS charged off the account in 2012 and closed the account in October 2015 when it sold and transferred the loan to Velocity Investments, LLC. (ECF No. 17). On April 4, 2016, plaintiff filed for bankruptcy. (*Id.*). On July 11, 2016, the bankruptcy court discharged plaintiff's debt, including the car loan. (*Id.*).

After plaintiff's bankruptcy, defendants continued to report the delinquent car loan in her credit report. (ECF Nos. 1, 17, 20). On August 5, 2016, plaintiff contacted Experian to dispute defendants' report of the car loan in her credit file. (ECF Nos. 17, 20). Experian sent an Automated Credit Dispute Verification ("ACDV") form to CPS in order to fix any purported inaccuracies in plaintiff's credit file. (ECF No. 17). CPS's ACDV response verified that the account was charged off, purchased by another lender, closed on October 2015, and had a $0 balance. (ECF No. 17). However, CPS's response did cause Experian to make a number of minor changes in the credit report, such as updating the date closed from October 2015 to December 2015 to resolve conflicting records that CPS provided. (ECF No. 23). These minor changes did not add any negative information to plaintiff's credit file. (ECF Nos. 20, 23).

On June 1, 2017, plaintiff initiated the instant lawsuit. (ECF No. 1). In her complaint, plaintiff raises three causes of action: (1) violation of the FCRA against Experian, (2) violation of the FCRA against CPS, (3) violation of the NDTPA against Experian and CPS. (*Id*.).

Now defendants move for summary judgment on all of plaintiff's claims. (ECF No. 17, 19).

## II. Legal Standards

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the nonmoving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to withstand summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward

with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a dispute of material fact conclusively in its favor. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.*

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the

nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.     Discussion**

Defendants move for summary judgment on three causes of action: (1) violation of the FCRA against Experian; (2) violation of the FCRA against CPS; (3) violation of the NDTPA against Experian and CPS. (ECF Nos. 17, 19).

*a. FCRA claims*

Plaintiff does not specify whether she raises her FCRA claims pursuant to 15 U.S.C. § 1681e(b) for failure to maintain reasonable procedures or pursuant to 15 U.S.C. § 1681i(a) for failure to conduct a reasonable reinvestigation. *See* (ECF No. 1). The complaint contains language suggesting that plaintiff is alleging that defendants had unreasonable procedures and conducted an unreasonable reinvestigation. *See* (*Id*.). Accordingly, the court hereby addresses plaintiff's claims under both sections of the FCRA.

Both a reasonable procedures claim and a reasonable reinvestigation claim require a consumer to present evidence of inaccurate informatoin in a credit report. *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 890 (9th Cir. 2010) (holding that § 1681i has an implicit actual inaccuracy requirement); *see also Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (holding that § 1681e(b) requires a consumer to present evidence tending to show that the credit report contained inaccurate information). Information in a credit report is inaccurate within the meaning of the FCRA if "it is patently incorrect, or . . . is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Carvalho*, 629 F.3d at 890 (holding that the same inaccuracy standard applies to all sections of the FCRA).

Plaintiff argues that defendants have provided inaccurate credit reports but does little to support her claims. (ECF No. 20). She cites six reports prepared from March 8, 2016, to February 14, 2017. (*Id*.). These reports show that after plaintiff disputed the car loan, defendants made various updates. (*Id*.). Plaintiff alleges that two items on the updated reports are inaccurate: the date of status and the first reported date.

The date of status was changed from October 2015 to December 2015. (ECF No. 20). CPS confirmed that the debt was closed in October 2015 but also reported that the debt was current in November 2015. (ECF No. 23). However, a debt cannot be current after it has been closed. (*Id.*). Experian recorded this information from CPS's response in the updated reports and reported the account closed on December 2015 as a means to resolve the discrepancy. (*Id.*). This update did not make any substantial changes to the initial report, which CPS confirmed to be accurate, and did not add any additional negative information to the report.

The first reported date was changed from August 2007 to August 2009. (ECF No. 20). Plaintiff argues that this incorrect update re-aged the debt, but does not provide any evidence or arguments on why August 2009 is an incorrect date. (*Id.*). Further, this update did not actually re-age the debt because the date of delinquency determines the age of debt. *See* (ECF No. 23).

Finally, before defendants filed their motion for summary judgment, they deposed plaintiff. *See* (ECF No. 17). Plaintiff's testimonial statements from her deposition are a subject of significant dispute between the parties. Defendants claim that plaintiff repeatedly admitted that the reports did not contain inaccurate information. (ECF No. 17). Plaintiff argues that she did not understand what was going on during the deposition and, therefore, misspoke. (ECF No. 20).

Plaintiff had an opportunity to review the deposition and correct any mistakes in her testimony. After reviewing her testimony, she signed a declaration stating that her deposition testimony is accurate. (ECF No. 17). Plaintiff admitted in her testimony that the August 5, 2016, report and the updated August 26, 2016, report did not have any inaccurate information. (*Id.*). Further, the deposition transcript does not suggest that the defendants engaged in deceptive or unfair questions that would cause plaintiff to incorrectly state that the reports were accurate. *See* (*Id.*).

In sum, plaintiff not only failed to present evidence that defendants' credit reports contained inaccurate information, but also admitted that the reports were accurate. Accordingly, the court will grant summary judgment for plaintiff's first and second causes of action.

. . .

. . .

*b. NDTPA claim*

　　　　The court has resolved the federal claims and declines to exercise supplemental jurisdiction over plaintiff's remaining state law claim. *See, e.g., Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) (holding that "where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice"); *see also Zelaya v. Cty. of Los Angeles*, 628 Fed.Appx. 535, 537 (9th Cir. 2016) (instructing that a district court could consider dismissal pursuant to 28 U.S.C. § 1367(c)(3) after resolving federal claims through summary judgment).

**IV.　Conclusion**

　　　　Accordingly,

　　　　IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion for summary (ECF No. 17, 19) be, and the same hereby is, GRANTED, consistent with the foregoing.

　　　　IT IS FURTHER ORDERED that defendants shall prepare and submit to the court a proposed judgment consistent with the foregoing within thirty (30) days of the date of this order.

　　　　DATED September 7, 2018.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -